# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANA CLAUDIA RAMIREZ MENDOZA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL FERRO, CELADON | : | |
| TRUCKING SERVICE, INC., CELADON | : | |
| TRUCKING SERVICES, INC. and | : | |
| CELADON GROUP, INC. | : | NO. 18-3807 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                      **February 19, 2019**

Plaintiff Diana Claudia Ramirez Mendoza, a North Carolina resident, brought this personal injury action against Pennsylvania resident, Michael Ferro, and his employers, Delaware and New Jersey corporate defendants. The action arises out of a collision of the plaintiff's car and a tractor trailer operated by Ferro on October 28, 2016, in Burlington, North Carolina.

After removing the case from the state court, Ferro moved for transfer to the Middle District of North Carolina where the plaintiff resides and the accident happened.[1] Opposing the motion, Ramirez, without addressing her reasons for wanting to litigate here, argues that this district is more convenient for Ferro who has failed to show "demonstrable inconvenience" if the case is litigated here. She also contends Ferro has failed to support his motion with affidavits.

After balancing the public and private interests, we conclude this case should be transferred to the Middle District of North Carolina where the case could have been brought. Therefore, we shall grant Ferro's motion to transfer.

---

[1] The Celadon defendants join in the motion.

**Analysis**

A defendant moving for transfer of venue must show that (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and the witnesses; and (3) the proposed transfer will be in the interest of justice. 28 U.S.C. § 1404(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Once the defendant establishes that the action could have been brought in the proposed district, the court must weigh several private and public interest factors to determine whether the balance of relevant factors tips in favor of or against transfer. *Jumara*, 55 F.3d at 879-80.

This action could have been brought in the Middle District of North Carolina. Ramirez resides there and the cause of action arose there. *See* 28 U.S.C. § 1391(b)(2) (in diversity cases, venue proper where a substantial part of the events giving rise to the claim occurred). Thus, in determining whether to transfer the case, we must carefully weigh the relevant public and private interests. *Shutte*, 431 F.2d at 25-25.

Among the factors considered when determining whether transfer is more convenient for the parties and in the interest of justice are: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties as demonstrated by relative financial status and physical location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the witnesses; (8) the practical problems that make trial of a case expensive and inefficient; and (9) public interest factors, such as congestion of court dockets and the relationship

of the jury and the community. *Jumara*, 55 F.3d at 879-80. Depending on the nature and facts of the case, these factors overlap and are intertwined.

Because the analysis involved is flexible and individualized," the district court has broad discretion in deciding a motion for transfer of venue. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Despite this wide latitude, a motion seeking transfer should not be granted without a careful weighing of the factors favoring and disfavoring transfer. *See Shutte*, 431 F.2d at 24-025.

### *The Plaintiff's Choice of Forum*

The plaintiff's choice of forum typically receives "paramount consideration." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). However, the plaintiff's choice is given less deference where she does not live in the forum and none of the operative facts occurred there. *Buckeye Pennsauken Terminal LLC v. Dominique Trading Corp.*, 150 F. Supp. 3d 501, 509 (E.D. Pa. 2015).

Ramirez prefers this forum. However, because Pennsylvania is not her home, her preference is entitled to less deference. *Lony v. E. I. Du Pont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989). She resides in the Middle District of North Carolina.[2] Significantly, she does not articulate why she prefers this forum. Instead, she questions Ferro's motive for seeking transfer when this district is more convenient for him. Under the circumstances, this factor does not weigh for or against transfer.

### *The Defendant's Preferred Forum*

Even though none of the defendants reside in North Carolina, they seek transfer to the Middle District of North Carolina. They contend that that district is more convenient

---

[2] *See* Civil Cover Sheet and Writ of Summons (Doc. No. 2 ¶ 2).

3

for the parties and the witnesses. Yet, they do not explain why it is more convenient for them. Thus, this factor, standing alone, is neutral.

### *The Place Where the Claim Arose*

The claims arose in the Middle District of North Carolina. The collision resulting in Ramirez's injuries happened there. This factor weighs in favor of transfer.

### *The Relative Ease of Access to the Sources of Proof*

Ramirez has not identified any witnesses, documents, other than the Pennsylvania CDL Manual, or other sources of proof situated in Pennsylvania. It appears that the only known eyewitness to the collision, the police officers who investigated the collision at the scene, the medical and emergency personnel who treated Ramirez are in North Carolina. Documents, including the accident report and her medical records, are there. The CDL manual which Ramirez intends to reference is easily transmitted electronically. Hence, this factor favors transfer.

### *Relative Financial Status*

Although not explicitly stated, it appears that Ramirez is in a less favorable financial position than the defendants. The two corporate defendants are presumably indemnifying Ferro. They also are ongoing businesses that are in a better position to absorb the costs of litigation. Nonetheless, the record is devoid of any information regarding the parties' relative financial status. Thus, this factor is neutral.

### *The Convenience of the Parties*

None of the defendants reside in or have any connection to North Carolina. Ramirez, on the other hand, resides there. It would be more convenient for her to litigate her case in her home state than in Pennsylvania. Although she opposes transfer to North

4

Carolina, she has not given a reason why she does. Indeed, she does not claim that Pennsylvania would be more convenient than North Carolina for her.

*Availability of Compulsory Process*

As we have noted, all witnesses, except Ferro, reside in North Carolina. They would not be available for trial in Pennsylvania. Because they are not subject to process in this district, Ferro would not have access to them at a trial here. The court in the Middle District of North Carolina would have subpoena power over them because they reside within that district. Thus, this factor favors transfer.

*The Public Interest Factors*

No party contends that a judgment would not be enforceable in either district. Indeed, a judgment entered in either district would be enforceable in the other.

Trial in this district will impose jury service upon citizens of this district who have no connection to the dispute. The Eastern District has no interest in this case. There are no witnesses residing here. The only person who does reside here wants to litigate the case in North Carolina. Ramirez's only connection to this district is that her attorneys are here.

By contrast, a Middle District of North Carolina jury has an interest in the resolution of the dispute that arose there. That is where the collision occurred, and the witnesses who saw and investigated the collision are.

Because the Middle District has an interest in resolving this case and the Eastern District has none, we conclude that the public interest factors weigh in favor of transfer.

**Conclusion**

After balancing the competing interests, we conclude that the private and the public interests favor transferring this case to the Middle District of North Carolina. Therefore, in the interest of justice, we shall grant the motion to transfer this action.

<u>/s/TIMOTHY J. SAVAGE</u>